Case 2:08-cv-00443-WMA   Document 1   Filed 03/11/08   Page 1 of 14

FILED
2008 Mar-12 AM 09:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JERALD D. CRAWFORD, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs | ) ) ) | CIVIL ACTION NO.: |
| v. | ) ) ) | JURY TRIAL DEMANDED |
| SPRINT NEXTEL CORPORATION | ) ) ) | |
| Defendant. | ) ) | |

## CLASS ACTION COMPLAINT

Plaintiff Jerald D. Crawford, on behalf of himself individually and on behalf of all similarly situated persons, allege and complain against Defendant Sprint/Nextel Corporation as follows:

### I.  INTRODUCTION

1. This is a class action brought pursuant to the provisions of the Racketeer Influenced and Corrupt Organizations Act of 1970 ("RICO"), Title 18 U.S.C. §§ 1961, et seq., by Plaintiff individually, and on behalf of all persons similarly situated against Defendant Sprint/Nextel Corporation.

2. Plaintiffs seek damages, injunctive and other appropriate relief for Defendant's violations of RICO as alleged more fully below.

3.      Throughout the Class Period, as defined below, the Defendant originated, designed, implemented, and executed a policy, a form or established pattern and practice and/or course of conduct, by and which it would transmit via federal interstate wires, including electronic messaging (e-mail"), and federal mails , a series of deceptive, false, fraudulent and misleading advertisements regarding its "Sprint Picture Mail" plan to all persons whose names had been ascertained through the Defendant's billing and/or business records.

4.      The purpose and intent of these deceptive, false, fraudulent and misleading advertisements was to entice and/or lure Sprint/Nextel customers into purchasing the "Sprint Picture Mail" plan for a $5.00/month service charge without disclosing the true charges associated with this add on service, which were exorbitant and in many cases caused the purchaser's bill to double.

## II.    JURISDICTION AND VENUE

5.      Competent subject matter jurisdiction and venue exists, in whole and/or in part, pursuant to section 1964(a), (b), ©, and section 1965 (a), (b), (d) of the Racketeer Influenced and Corrupt Organizations Act of 1970 (hereinafter,"RICO"); pursuant to 28 U.S.C. § 1331 (federal question); pursuant to 28 U.S.C. § 1337 (regulation of commerce); and pursuant to 28 U.S.C. § 1391(b) (venue).

## III.   PARTIES

6.      Plaintiff Jerald D. Crawford ("Crawford") is and at all times material herein

was a citizen and resident of the State of Alabama. Plaintiff engaged in activities affecting federal interstate and/or foreign commerce. Plaintiff is a "person," within the meaning of 18 U.S.C. § 1961(3) of the RICO statute.

7. Defendant Sprint Nextel Corporation ("Sprint") is one of the largest telecommunications companies in the United States and with an estimated 55 million subscribers nationwide, operates the third largest wireless telecommunications network in the United States (based on total wireless customers). Sprint is a global Tier 1 Internet carrier, and, as such, makes up a portion of the Internet backbone. In the United States, the company also operates the second largest wireless broadband network and is the third largest long distance provider. Sprint's executive headquarters are located in Reston, Virginia and it maintains an operational and engineering headquarters in Overland Park, Kansas.

8. Plaintiff alleges that Sprint is and at all times material herein was, a corporation duly created and organized pursuant to the Kansas Statutes on Corporations, maintaining its principal place of business in Overland Park, Kansas. Sprint is engaged in activities affecting federal interstate and/or foreign commerce. Defendant Sprint is a legal entity and a corporation, or otherwise an association in fact, and therefore an "enterprise" within the meaning of 18 U.S.C. §§ 1961(4) and 1962© of the RICO statute. Defendant Sprint is also a "person," within the meaning 18 U.S.C. §§ 1961(3) and 1962(a) of the RICO statute.

IV.     **FACTS**

9.      The Plaintiff re-alleges and incorporates by reference paragraphs 1-8 above with the same force and effect as if fully set out in specific detail herein below.

10.     For at least the last two years, Defendant Sprint has used a formal policy by which it lures customers to purchase its "Sprint Picture Mail" service through deceptive advertising and promotions by transmitting such advertisements and promotions over the cellular phones of existing customers and over the internet.

11.     In or around October 2006, the Plaintiff, Jerald Crawford began receiving advertisements via his cellular phone from the Defendant regarding its Picture Mail service that stated the following:

> "Service Fee to gain access, add Sprint Picture Mail to your Sprint Service Plan. A $5.00/mo. service charge (plus taxes and fees) will be added to your Sprint Invoice.

12.     This advertisement and promotion does not mention what other fees and costs are associated with this service. After a customer purchases this service, they still are not apprised of what other costs may be associated with it until the end of the billing cycle.

13.     At the end of the billing cycle, Defendant Sprint presents the customer with a total price, which the customers must pay. Defendant Sprint, through its advertisements, marketing, sales techniques, statements, actions and omissions, leads the customer to believe and understand that the price presented represents the cost of the service alone.

14.     Plaintiff Crawford was induced to purchase this service because of the allegedly low service charge associated with it, however, it was never disclosed to him or, upon information and belief, anyone else at the point of purchase that this service also charged a PCS Data fee of $0.03/ per KB of data transmitted.

15.     Plaintiff Crawford used this service to transmit photos he had taken with his cellular phone not realizing that each time a photo was sent the Defendant was charging the PCS Data fee. At no time prior to receiving his phone bill was Plaintiff Crawford aware of the PCS Data transmission fee.

16.     Sprint charged Plaintiff Crawford $69.72 for the Sprint Picture Mail service. Plaintiff Crawford complained to Sprint customer service representatives about these charges and the deceptive and misleading terms of the advertisement, but was informed that the charges for the picture transmissions had to be paid.

17.     As described above, the $5.00 /mo. Service Fee to gain access to the Sprint Picture Mail service is a scheme to defraud and obtain money by means of false, fraudulent pretenses, and representations. Defendant Sprint operates this illegal scheme and enterprise and is aided by use of the federal interstate wires, including electronic messaging (e-mail"), and the federal mails.

18.     Defendant Sprint has transmitted or caused to be transmitted by means of wire and/or internet communications in interstate commerce, writings, signals, pictures, commercials, and sounds for the purpose of executing this scheme to defraud and obtain

money.

19. In order to obtain money from Plaintiff Crawford and other potential class members, Defendant Sprint has used the United States Mails and Postal Service. The Postal Service has been used by Defendant Sprint for the purpose of executing its scheme to defraud and collect money from Plaintiff Crawford and other potential class members.

20. The advertisements sent out by Defendant Sprint, as described above, constitute a violation of the federal mail and wire fraud statutes, 18 U.S.C. §§ 1341, 1343, in that they make use of the United States mail and interstate wires in furtherance of scheme and fraud to defraud and contain numerous false statements as alleged herein.

21. Given that Defendant Sprint sends out advertisements for its Picture Mail Service on a continuous basis through its customer's cellular phones and over the internet, and the named Plaintiff herein was defrauded within the last ten (years) as a result thereof, Defendant Sprint has committed more than two (2) predicate acts of racketeering activity, as defined by 18 U.S.C. § 1961(1), thereby constituting a pattern of racketeering activity, as defined by 18 U.S.C. § 1961(5).

22. The use of the United States Mails, as described above, to collect payments for this scheme constitute additional predicate acts of mail fraud and wire fraud.

**V.     CLASS ALLEGATIONS**

23. This action is brought by the named Plaintiff Jerald D. Crawford as a class action, on behalf of himself individually and all others similarly situated, pursuant to Federal

Rule of Civil Procedure 23(a), (b)(2), and (b)(3) on behalf of a Class, consisting of all persons who purchased the "Sprint Picture Mail" service after receiving the deceptive, false, fraudulent and misleading advertisements.

24. The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to Plaintiff at this time and can be only obtained through appropriate discovery, Plaintiff believes that there are thousands of members in the proposed Class.

25. Plaintiff's claims are typical of the claims of the members of the Class. All members of the Class are similarly affected by Defendant Sprint's wrongful conduct in violation of federal laws as complained of herein.

26. Plaintiff will fairly and adequately protect the interest of the members of the Class and has retained counsel competent and experienced in class action and complex commercial litigation.

27. Common questions of law or fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. The questions of law or fact common to the Class include, but are not limited to:

(a) whether the Defendant's actions constitute a violation of federal RICO statutes;

(b) whether the advertisements for the "Sprint Picture Mail" plan or service were false, deceptive, fraudulent, and misleading and designed to induce consumers to purchase it;

© whether the Defendant's actions are continuous;

(d) whether the Defendant willfully and/or intentionally sought to deceive consumers with its advertisements;

(e) whether the Defendant was aided in its scheme through a pattern of mail and wire fraud;

(f) whether the Class has been damaged and, if so, the extent of such damages and/or the nature of the equitable relief, statutory damages, or punitive damages to which the Class is entitled.

28. A class action is superior to all other available methods for fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, individual adjudication of the wrongs perpetrated upon the Class members would result in duplicitous litigation, involving thousands of virtually identical lawsuits, utilizing identical evidence and proof, resulting in a waste of resources of both the parties and the court system, and the possibility of inconsistent rulings. Plaintiff knows of no difficulty that will be encountered in the management fo this litigation that would preclude its maintenance as a class.

VI.    COUNT I

### RICO CLAIMS AGAINST SPRINT NEXTEL CORPORATION

29. The Plaintiff re-alleges and incorporates by reference paragraphs 1-28 above with the same force and effect as if fully set out in specific detail herein below.

30. 18 U.S.C. § 1962(a) makes it "unlawful for any person who has received income derived, directly or indirectly, from a pattern of racketeering activity . . . in which such person has participated as a principal withing the meaning of section 2, title 18, United States

Code, to use or invest directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities which affect, interstate or foreign commerce."

31. At all times relevant to this action, Plaintiff and the putative Class members are and were all "persons" within the definition of 18 U.S.C. §§ 1961(3) and 1964(c).

32. At all times relevant to this action, Defendant Sprint is and was a "person" within the meaning of 18 U.S.C. §§ 1961(3) and 1962(a), and acted knowingly, willfully, and intentionally.

33. At all time relevant to this action, Defendant Sprint is and was a legal entity and a corporation, or otherwise an association in fact, and therefore and "enterprise" within the meaning of 18 U.S.C. §§ 1961(4) and 1962(c).

34. At all times relevant to this action, Defendant Sprint has regularly engaged in a racketeering activity as defined by 18 U.S.C. §§ 1961(1) and 1962(a), specifically engaging in routing multiple actions of federal mail fraud as defined by 18 U.S.C. § 1341, and wire fraud as defined at 18 U.S.C. § 1343. Defendant Sprint engaged in a scheme to defraud and to obtain money by false or fraudulent pretenses, representations, or promises with its Sprint Picture Plan sales.

35. Defendant Sprint utilized a system by which it transferred personal and financial information for the class members through interstate commerce and across a telephone modem or other electronic means of communication, to another computer or

telephone located outside of the states in which the sales originated, Through this system, Defendant Sprint transmitted by wire communication and through interstate commerce, as contemplated by 18 U.S.C. § 1343, the information of the Class Members in the form of writings, signals, or sounds for the purpose of executing the scheme or artifice.

36. Defendant Sprint also utilized the internet and world wide web in order to communicate its advertisements to the Class Members all over the United States.

37. Defendant Sprint utilized interstate commerce and the mail system to deliver advertisements and marketing integral to the scheme directly to Class Members as contemplated by 18 U.S.C. § 1341. Additionally, Defendant Sprint used the internet, interstate commerce, and the federal mails system to collect monies fraudulently obtained through the scheme.

38. Upon information and belief, Defendant Sprint also transmitted the proceeds from the scheme to its corporate headquarters or corporate bank accounts, via interstate commerce involving the mails and/or wire transmission.

39. The Plaintiff and the other class members have relied to their detriment upon the false or fraudulent pretenses, representations, or promises and material omissions of Defendant Sprint as set forth specifically within this Complaint.

40. Upon information and belief, Defendant Sprint utilized the mails and/or electronic wire transmissions to facilitate the advertising, purchasing, ordering and billing processes integral to the above scheme in all of the Sprint Picture Plan transactions for the

Class Members. Defendant Sprint did this as part of its daily operation, according to established, formal and informal corporate policies, affirmative instructions and/or systems that were universally applied to the Class Members.

41. As a result, Defendant Sprint committed each of the above acts of wire fraud and mail fraud many thousands of times, over at least a year, routinely and as part of its daily business. Defendant Sprint therefore committed actions constituting a 'pattern of racketeering activity," as that term is defined by 18 U.S.C. § 1961 and applied by I8 U.S.C. § 1962(a).

42. At all times, Defendant Sprint, its subsidiaries, and its employees and agents participated in this activity as a principal, as defined at 18 U.S.C. § 1962.

43. Having received income, derived directly or indirectly from a pattern of racketeering activity, in the form of monies gained from the Class Members through revenues from sales of the Sprint Picture Mail Plan, Defendant Sprint used or invested, directly or indirectly, some part or all of such income in the acquisition of interests in, and the establishment and operation of its business.

44. Examples include but are not limited to investing the income in the marketing, facilitation and management of offers integral to continuing and expanding the scheme; in paying employees for their role in that process, including bonuses tied to revenue generated from the scheme; maintaining existing facilities and framework of the scheme; engaging in various contractual relationships; and otherwise in maintaining these enterprises.

45.     As a direct and proximate result of Defendant Sprint's violation of 18 U.S.C. § 1962(a), and the Class Members' reliance upon these material and fraudulent representations, pretenses, or promises, the plaintiff and the Class Members have been injured in their property in that they have lost the monies paid for these undisclosed charges, which upon information and belief has and continues to result in revenue to Defendant Sprint of millions of dollars per year.

46.     Pursuant to their rights under 18 U.S.C. § 1964(c), Plaintiff and the putuative Class Members therefore seek damages equating to all of Defendant Sprint's proceeds, property and monies related in any way to, acquired by. or arising from the sales of the Sprint Picture Mail Plan and any other undisclosed charges originating in the United States of American dating back to the date upon which Defendant Sprint first began employing this scheme, which upon information and belief dates back greater than one year.

Wherefore, the Plaintiff on behalf of himself and the Class Members, prays that the court issue the following:

(a)     a declaratory judgment holding that this action be certified as a class action on behalf of the Class maintainable pursuant to Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3);

(b)     a declaratory judgment holding that Plaintiff is a proper Class representative and appointing Plaintiff's counsel to represent the Class;

(c) a declaratory judgment enjoining Defendant Sprint from continuing in the future to advertising is Picture Mail Plan without without notifying consumers of the charges separately from the service, and requiring Defendant Sprint to make full disclosure of all charges and itemize all bills;

(d) an award monetary damages against Defendant Sprint for all actual damages suffered as a result of and warranted by the acts complained of herein, due to Defendant Sprint's multiple, willful and knowing violation of the Racketeer Influenced Corrupt Organizations Act, Wire Fraud Statute, and Mail Fraud Statute in an amount equivalent to revenues from any and all overcharges dating back to the inception of the scheme;

(e) award treble damages and punitive damages as may be appropriate;

(f) award the Plaintiff and other members of the Class their costs and expenses in conducting this litigation, including reasonable attorneys fees, expert fees and other costs and reimbursements; and

(g) Granting such other and further relief to which Plaintiff and the Class members may be justly entitled.

**PLAINTIFFS DEMAND A TRIAL JURY OF ALL ISSUES SO TRIABLE**

Respectfully submitted,

_____
Lee Winston
Roderick T. Cooks
Attorneys for the Plaintiffs

**OF COUNSEL:**
WINSTON COOKS, LLC
The Penick Building
319-17th Street North
Birmingham, AL 35203
Tel: (205)502-0970
Tel: (205) 502-0940
Fax: (205)251-0231
email: lwinston@winstoncooks.com
email: rcooks@winstoncooks.com

**PLAINTIFF'S ADDRESS:**
Jerald D. Crawford
c/o WINSTON COOKS, LLC
The Penick Building
319-17th Street North
Birmingham, AL 35203
Tel: (205)502-0970
Tel: (205) 502-0940
Fax: (205)251-0231
email: lwinston@winstoncooks.com
email: rcooks@winstoncooks.com

**DEFENDANT'S ADDRESS:**
Sprint Nextel Corp.
6200 Sprint Parkway
Overland Park, KS 66251
Phone: 800-829-0965
Web Site: http://www.sprint.com